IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAVELLE D. EVANS, 12039-078,            ) | |
|     Petitioner,            ) | |
| ) | |
| v.            ) | No. 3:11-CV-2394-M |
| ) | |
| RICK THALER, Director, Texas            ) | |
| Dept. Of Criminal Justice, Correctional            ) | |
| Institutions Division,            ) | |
|     Respondent.            ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**PROCEDURAL BACKGROUND**

This is a habeas corpus petition brought under 28 U.S.C. § 2254. Petitioner challenges his conviction for capital murder in the 363rd Judicial District Court, Dallas County, Texas.

On March 9, 2010, the Fifth District Court of Appeals affirmed Petitioner's conviction. On August 25, 2010, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. On February 16, 2011, Petitioner filed a state petition for writ of habeas corpus. That petition is currently pending. (Pet. at 4.)

## **EXHAUSTION OF STATE COURT REMEDIES**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner states his state habeas petition is currently pending. He seeks a stay and abeyance of this petition until he exhausts his state remedies. Under the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), a court may stay a petition only if: (1) there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the petitioner's unexhausted claim is potentially meritorious; and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay. *Id.* at 277-78.

In this case, Petitioner's state habeas petition is currently pending. The AEDPA limitations period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner has failed to establish good cause for failing to exhaust his state remedies before filing this federal petition. The petition should be dismissed without prejudice for failure to exhaust state remedies.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 7th day of November, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**

## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).